Honorable Doug Wood State Representative P. O. Box 5606 North Little Rock, AR 72119
Dear Representative Wood:
This official opinion is in response to your request concerning specifically whether or not suburban improvement districts, central business improvement districts, levy districts, drainage districts, or other similar type districts are considered to be counties or municipalities under the Supreme Court decision in the City of Hot Springs v. Creviston, 288 Ark. 286, 705 S.W.2d 415, (Ark. 1986). It is the opinion of this office that the answer to your questions are "no" with respect to suburban improvement districts, levy districts, drainage districts, and central improvement districts which issue bonds that are payable in assessments from the district.
In Creviston, supra., the Supreme Court of Arkansas held that bonds secured by a pledge of the gross receipts tax levied by a city upon hotels and restaurants were invalid. The court refers to Const. Art. 16, 1; Constitutional Amendment No. 62; and Constitutional Amendment Nos. 13, 17, 27, and 49 (Repealed).
Amendment No. 62 refers to the legislative body of a municipality or county. Amendment No. 13, which amends Article 16, 1, declares that "neither the state nor any city, county, town or other municipality in this state, shall ever lend its credit for any purpose whatever; nor shall any county, city, town or municipality ever issue any interest-bearing evidences of indebtedness. . .".
Article 16, 1 also states that "neither the state nor any city, county, town or other municipality in this state shall ever lend its credit for any purpose whatever; nor shall any county, city, town or municipality ever issue any interest-bearing evidences of indebtedness. . .". The term "municipality," has been interpreted under Article 16, 1, to not include improvement districts. Fitzgerald v. Walker, 55 Ark. 148, 17 S.W. 702 (1891); Cumnock v. Alexander, 139 Ark. 153, 213 S.W. 767 (1919). Furthermore, in Nakdiemen v. Bridge District, 115 Ark. 119,172 S.W. 272 (1914), the Arkansas Supreme Court held that although a local improvement district can be a governmental agent for some purposes, they are not considered a municipal corporation with the corresponding constitutional prohibition against the interest-bearing evidences of indebtedness. The court states as follows:
 "[s]uch an agency of government is sui generis and its powers cannot be likened to those municipal corporations whose powers are broader and more general within their prescribed territory and over the subjects delegated to them. They exercise no governmental powers except those expressly granted by the legislative authority which called them into existence, and then only in the manner pointed out expressly or by fair implication."
All of the districts you refer to in your request specifically have the authority to issue interest-bearing evidences of indebtedness which are secured by the assessments of the respective districts. Suburban improvements districts are given the authority, pursuant to Ark. Stat. Ann. 20-716 (1985 Cum. Supp.), to issue bonds for limited purposes which are secured by the assessments of the district. In addition, drainage districts and levy districts are specifically given the authority, under Ark. Stat. Ann. 21-518 and 21-624 (1985 Cum. Supp.), to issue interest-bearing evidences of indebtedness which are secured by the assessments of their respective districts.
Central business improvement districts are also given the authority to issue interest-bearing evidences of indebtedness which are secured by the assessments of the district pursuant to Ark. Stat. Ann. 20-1617 (1985 Cum. Supp.). However, central business improvement districts are also given the authority to issue revenue bonds pursuant to Ark. Stat. Ann. 20-1626 (1985 Cum. Supp.).
Finally, central business improvement districts are given the authority to issue certificates of indebtedness to provide funds to make direct loans to property owners within their district with such terms and conditions as the commissioners deem necessary and desirable. Ark. Stat. Ann. 20-1627, 20-1628 (1985 Cum. Supp.). Ark. Stat. Ann. 20-1628 (1985 Cum. Supp.), specifically states that assessments of benefits against property owners of the district may not be pledged to secure the payments of the bonds authorized by this Act. [Acts 1975, No. 403, Section 4, Page 1089; 1981, No. 425, Section 51, P. 761; 1981, No. 474, Section 4, P. 895].
In Creviston, supra, p. 417, the Supreme Court held that the constitutional mandate against no city or county issuing interest-bearing evidences of indebtedness without the consent of the electors included transparent evasions by which a token commission or other body is created to sign the bonds while disclaiming any responsibility on the part of its creator. Although an improvement district was not in issue in Creviston, supra, the court has previously held that an improvement district can be an agent of a municipality for some purposes. Nakdimen, supra. Furthermore, a central business improvement district has never been held by the courts to be an agent of a municipality. However, if a court finds that a central business improvement district is an agent of a municipality and if that district has issued revenue bonds pursuant to this Act the court could also hold that the Creviston decision would apply.
Your second question asks that if such entities are required to have a public election, how is an election to be held? It is the opinion of this office, that if the central business improvement district is determined to be an agent of the municipality for the purposes of issuing revenue bonds that a municipal election would be required to approve the issuance of revenue bonds pursuant to Amendment 62 and, more recently adopted Amendment 67 to the Arkansas Constitution.
The foregoing opinion, which I hereby approve, was prepared by Rick D. Hogan, Assistant Attorney General.